**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **TIMBERLAND 109 LLC,**<br><br> *Plaintiff,*<br>**v.**<br><br>**HARRIS COUNTY GEORGIA,**<br><br> *Defendant.* | **CIVIL ACTION NO.**<br>**4:26-cv-00752-TES** |

**ORDER DENYING MOTION TO DISMISS AS MOOT**

Plaintiff Timberland 109 LLC filed a Notice of Removal on May 1, 2026. [Doc. 1].

Defendant filed a Motion to Dismiss the removed Complaint on May 8, 2026. [Doc. 10].

On May 29, 2026, Plaintiff timely filed an Amended Petition for Declaratory Judgment

and Injunctive Relief. [Doc. 18]; Fed. R. Civ. P. 15(a)(1).

Under black letter federal law, "an amended complaint supersedes the initial

complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483

F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original

pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's

averments against their adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d

1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d

1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). Further, an

original complaint would still have legal effect if "the amendment specifically refers to

or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiff's Amended Petition for Declaratory Judgment and Injunctive Relief and found no reference to, or adoption of, any allegations set forth in its removed Complaint. Therefore, Plaintiff's Amended Petition for Declaratory Judgment and Injunctive Relief is the sole operative pleading in this case and renders moot Defendant's pending Motion to Dismiss. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss [Doc. 10] **as moot**.

**SO ORDERED**, this 1st day of June, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

2